IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DOCKSIDE CONDOMINIUM ASSOCIATION, INC. C/O AMERICAN CONDOMINIUM MGMT., INC.,**

**Plaintiff,**

**Civil Action: _____**

v.

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**

 **Defendant,**
_____/

## COMPLAINT

**COMES NOW** Plaintiff, DOCKSIDE CONDOMINIUM ASSOCIATION, INC. C/O AMERICAN CONDOMINIUM MGMT., INC. ("Plaintiff" or "Insured"), by and through undersigned counsel, who files this Complaint against Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, ("Defendant" or "Insurer"), on the grounds set forth below:

## JURISDICTION

1. This action arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, et seq., pursuant to the insurance contract issued to the Plaintiff by Defendant, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2. The property made the basis of this action is located at 912 SW 48th Terrace, Cape Coral, Florida 33914-4311 (hereinafter referred to as the "Insured Property"). The Insured Property is situated in the Middle District of Florida, Fort Myers Division, and thus venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3. Plaintiff, DOCKSIDE CONDOMINIUM ASSOCIATION, INC. C/O AMERICAN CONDOMINIUM MGMT., INC. was, and still is, the owner of the Insured Property at all times material to the allegations set forth in the Complaint.

4. Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, was and is a private flood insurance company which is qualified to do business in the State of Florida. Defendant issued a FEMA Standard Flood Insurance Policy (SFIP), in its own name, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging for the adjustment, settlement, payment, and defense of all claims arising under the Policy, including this one.

## FACTUAL ALLEGATIONS

5. Defendant issued a residential condominium insurance policy to Plaintiff, namely, Company Policy No. 87050885582021/NFIP Policy No. 8705088558 (the "Policy"), on November 5, 2021, whereby Defendant agreed to pay the Plaintiff for direct physical loss to the Insured Property caused by or from a "flood" as defined by the Policy. A true and correct copy of the available Policy documentation is attached herein as **Exhibit "A"**. Plaintiff further incorporates by reference, as part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Pt. 61, App. A(1), representing the Policy in effect during the referenced time period.

6. Plaintiff dutifully paid the premiums charged by Defendant for the coverages afforded pursuant to the terms of the Policy and the Policy was in full force effect on the date of loss.

7. On or about September 28, 2022, the date of loss, the aforementioned Insured Property sustained damage as a result of a covered peril, namely flooding and inundation, from Hurricane Ian, which caused substantial property damage and other insured losses.

8. The covered damages were thoroughly documented by experts retained by the Plaintiff, with supporting documentation, including specifications of the damages and detailed, accurate estimates, were submitted to Defendant.

9. Plaintiff submitted a claim, and Defendant, by and through its agents and designated others, including but not limited to Assurant, acknowledged the claim, and assigned Claim Number 8705088558-20220928 to the claim/loss.

10. Damage, as a result of a flood, was or should have been, if properly evaluated, a covered cause of loss pursuant to the terms and conditions of the Policy so issued.

11. The Proof of Loss detailing the losses was received by Defendant in compliance with the terms of the Policy.

12. Despite multiple attempts by Plaintiff to move the claim toward resolution, Defendant has repeatedly failed honor its Policy obligations and failed to fully indemnify Plaintiff for the losses sustained.

**COUNT I - BREACH OF INSURANCE CONTRACT**

13. Plaintiff adopts and incorporates into this Count, as if fully rewritten herein, all of the allegations set forth in the above paragraphs.

14. Damage, and related losses, as a result of the flood, was a covered peril and cause of loss pursuant to the terms and conditions of the Policy issued by Defendant to Plaintiff.

15. Plaintiff submitted a timely claim to Defendant for the alleged damages and have met all conditions precedent to the filing of a lawsuit, or all conditions precedent have been waived by Defendant.

16. Plaintiff submitted a factually detailed estimate of the damages, resulting in a dispute as to the proper value.

17. Defendant has breached its insurance contract with Plaintiff by constructively denying the true value of Plaintiff's claims for damages, including but not limited to by: not including the full scope of damages, omitting covered damages, and using inadequate pricing which did not accurately reflect the true cost of repairs unique to the building and community.

18. Defendant has breached its insurance contract with Plaintiff by failing and refusing to indemnify Plaintiff and by failing to tender all insurance proceeds due and owing.

19. Defendant has further breached its insurance contract with Plaintiff by failing and refusing to adjust all losses properly and fairly as required by the Policy.

20. As a direct and proximate consequence of Defendant's breach of insurance contract, as alleged herein, and as will be demonstrated in discovery, Plaintiff has been deprived of the full coverage and other benefits afforded under the Policy.

WHEREFORE, Plaintiff, DOCKSIDE CONDOMINIUM ASSOCIATION, INC. C/O AMERICAN CONDOMINIUM MGMT., INC., prays that after due proceedings are heard, that this Honorable Court enter Judgment in favor of Plaintiff and against the Defendant, AMERICAN

BANKERS INSURANCE COMPANY OF FLORIDA, for all amounts for damages to which it is entitled due to Defendant's breach of the insurance contract, and for such other costs, expenses, and other relief that this Honorable Court may deem to be in accordance with the applicable law, and as may be just and proper.

                                                                VISHIO • WATKINS • FORRY

                                                                /s/ *Rameez Dossani, Esq.*
                                                                Rameez Dossani, Esq.
                                                                Fla. Bar No.:  1008030
                                                                *Attorneys for Plaintiff*
                                                                1112 Goodlette-Frank Rd. N.
                                                                Suite #204
                                                                Naples, Florida 34102
                                                                P:  (239) 703-7210
                                                                F:  (239) 900-1993 (Fax)
                                                                rdossani@vwflegal.com
                                                                aclemont@vwflegal.com
                                                                service@vwflegal.com